[Civ. No. 1398.   Fourth Appellate District.—April 25, 1935.]

ASSOCIATED INDEMNITY CORPORATION, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, JOHN FOSTER et al., Respondents.

R. O. Purvis and Varnum Paul for Petitioner.

Everett A. Corten and Emmet J. Seawell for Respondents.

BARNARD, P. J.—The respondent Foster was injured at the same time and place and in the accident involved in the case of *Associated Indemnity Corp.* v. *Industrial Acc. Com.*, this day decidied (*ante*, p. 476 [44 Pac. (2d) 582]). After due proceedings had he was awarded compensation by the respondent commission.

The sole question raised is whether the evidence is sufficient to support the finding of the respondent commission that the applicant John Foster was employed by the Assets Corporation at the time of his injury.

The general background of this case is the same as that of the companion case referred to and need not be here repeated. However, a different state of facts appears with respect to the employment of the respondent Foster.

Foster was a neighbor of Briscoe and on several occasions had borrowed the two mules which belonged to Briscoe and which were kept on the farm being operated by the Assets Corporation. Under an agreement that he would pay for the use of the mules with his own labor he owed three or four days' work to Briscoe. On the day of the accident, at Briscoe's request, he came to the 20-acre ranch owned by Briscoe and was assisting in putting a roof on the barn when the accident occurred and he was injured. He had never been an employee of the Assets Corporation, had never been on their payroll, and was not included on the payroll which was turned in by Briscoe shortly after the accident. The mules were owned by Briscoe and, while they were mainly used on the farm operated by the Assets Corporation, he had the right to and did use them on the 20-acre place owned by him. He also allowed them to be used by others when not needed on either of the two farms referred to. Briscoe testified that if Foster had rented the mules and paid for their use in money he would not have felt obligated to turn the money over to the Assets Corporation but would have considered it as his own. There is no evidence in the record indicating that the Assets Corporation had any right to the use of the mules other than as they were needed on the ranch which that corporation was operating.

While we held in the preceding case that the barn where the accident occurred was being erected in part for the benefit of the other ranch, it is also true that it became a part of the smaller ranch owned by Briscoe and that it would also be beneficial to that ranch. In view of this situation, in which Briscoe was interested both as the owner of the smaller ranch and as foreman of the larger ranch, which latter ranch he hoped to save by working out his indebtedness thereon, it is both consistent and natural that he should be willing to furnish a part of the labor required to build the barn while another part was being furnished by the Assets Corporation. We can find nothing in the evidence to justify the inference that in allowing Foster to pay for the

use of the mules in this manner Briscoe was acting as an agent of the Assets Corporation or that he was exercising his right to employ men for that corporation. On the other hand, we think the evidence conclusively shows that Foster was employed by Briscoe and only by way of allowing him to repay an obligation which he owed to Briscoe in his private capacity.

No award was entered as against the respondent Briscoe, as the respondent commission found that Foster was an employee of the Assets Corporation and that he was not an employee of Briscoe.

For the reasons given the award is annulled.

Marks, J., and Jennings, J., concurred.